IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRANE E. DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-798-CJP[1] |
| | ) |
| LISA J. W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are the above-captioned petition for writ of habeas corpus **(Doc. 1)**, respondent Hollingsworth's "Response to Petition for Habeas Corpus" **(Doc. 6)**, and petitioner Davis' "Reply to the Respondent's Response" **(Doc. 12)**.

Petitioner Trane E. Davis is currently housed at the United States Penitentiary at Marion, Illinois. **(Doc. 1)**. Petitioner states that he is scheduled to be released from prison (with good time credits) on May 5, 2010. Petitioner was sentenced to five (5) years of supervised release in addition to his term of incarceration. **(Doc. 1, p. 2)**. Currently, Petitioner's release address is the Southern District of Illinois. However, Petitioner intends to enter into marriage vows with his long time fiancé, Kimberly Ann Reams, who resides in Houston, Texas following his release. Petitioner applied for a change of address to the United States Probation Office for the Southern District of Texas but was denied approval. Petitioner has filed the above-captioned petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging the decision of the Southern District of Texas Probation Office to deny Petitioner's plan to relocate to Texas following his release from prison. Petitioner contends that the decision to deny his relocation plan was arbitrary and

---

[1] In accordance with 28 U.S.C. § 636(c)(1), upon the consent of the parties, this case was transferred to the undersigned magistrate judge for all proceedings and entry of judgment. **(Docs. 8, 9 and 10)**.

capricious and, therefore, in violation of his right to Due Process of law and the Administrative Procedure Act (APA).  **(Doc. 1).**

Respondent argues that 28 U.S.C. § 2241 is not the proper mechanism to challenge the denial of relocation because Petitioner's cause of action is not cognizable as a habeas corpus action.  **(Doc. 6).**  Respondent also asserts that Petitioner has not exhausted Bureau of Prisons' administrative remedies prior to filing this Section 2241 petition, despite his assertions to the contrary.  Furthermore, Respondent contends that a habeas corpus petition is not an appropriate vehicle to bring an APA claim.

Respondent is correct on all counts.  The federal habeas corpus statute was designed to provide the means for a state prisoner to attack the validity or duration of his confinement.  ***Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).**  Claims that merely challenge the conditions of a prisoner's confinement fall outside the scope of habeas corpus.  ***Nelson v. Campbell*, 541 U.S. 637, 643 (2004).**

Petitioner has also failed to exhaust Bureau of Prisons' administrative remedies before filing his Section 2241 petition, which is required by 28 C.F.R. §§ 542.13-542.15 and *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).

In addition, Petitioner's assertion that the APA allows a reviewing court to consider a decision by an administrative agency pursuant to the arbitrary and capricious standard is without merit.  Habeas corpus petitions and civil APA claims are subject to different rules and procedures and therefore should be brought in different law suits.  *Bush v. Pitzer*, 133 F.3d 455, 456 (7th Cir. 1997), dictates that "Section 2241 does not permit review of prison and parole decisions after the fashion of the Administrative Procedure Act."  Furthermore, the prisoner

seeking relief under Section 2241 must show that the custody was unlawful and not just an administrative mistake in the implementation of a statute or regulation. *Id*. **at 457,** *see also Kramer v. Jenkins*, **803 F.2d 896 (7th Cir. 1986).** Thus, a habeas corpus petition is not an appropriate method of bringing an APA claim.

**IT IS THEREFORE ORDERED** that petitioner Davis' petition for writ of habeas corpus **(Doc. 1)** is **DISMISSED WITHOUT PREJUDICE** due to his failure to state a cognizable habeas corpus action, failure to exhaust administrative remedies, and failure to state a cause of action against the U.S. Probation Office. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED that**, for the aforestated reasons, petitioner Davis' request for relocation upon release from prison **(Doc. 1)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATE: July 23, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**